
**FILED**

**MAY 19, 2008**

KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KARL SHACKELFORD, PRO SE, | § | |
| A.K.A. KARL LYNN SHACKELFORD, | § | |
| A.K.A. KARL LYNN McGEE, | § | |
| TDCJ-CID #1368700, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0163 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, Neal Unit, | § | |
| OFFICER D. McCLURE, | § | |
| OFFICER NFN WILLIAM, | § | |
| OFFICER NFN FRANKLIN, | § | |
| OFFICER NFN THOMPSON, and | § | |
| R. AGUIRRE, Captain, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

The instant cause was initially filed in the United States District Court for the Northern District of Texas, Dallas Division, and was transferred to the United States District Court for the Northen District of Texas, Amarillo Division, on August 9, 2007.

Plaintiff KARL SHACKELFORD, also known as KARL LYNN SHACKELFORD, also known as KARL LYNN McGEE, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his February 28, 2008 Amended Complaint, plaintiff claims defendant McCLURE used excessive force and defendants WILLIAM, FRANKLIN, and THOMPSON failed to intervene. Plaintiff also claims defendant Captain AGUIRRE was "jude of agency court" and failed to intervene. Plaintiff complains he "lost [312 days of] good time because of use of force," and lost 415 days of work time, parole, and line class. Plaintiff requests his record be expunged, he be released from TDCJ, and that he be awarded compensatory and punitive damages in "unknown billion of dollars."

.
## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

---

[1]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by the defendants.

## THE LAW AND ANALYSIS

Plaintiff's request that the case be expunged from his record and he be released from prison must be pursued through a habeas action. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Moreover, any section 1983 claim which attacks the unconstitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been terminated favorably to the section 1983 plaintiff. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). In *Edwards v. Balisok*, the Supreme Court approved the application of the *Heck* doctrine to the prison disciplinary setting and held that a state prisoner's claim for damages in a challenge to the validity of the procedures used to deprive him of good-time credits is not cognizable under section 1983. *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997). Review of plaintiff's Step 1 and Step 2 grievance no. 2007112533 and the disciplinary report, both attached to his original complaint, as well as his claim as stated in his original complaint make it clear that any judgment in this cause favorable to plaintiff would necessarily call into question the outcome of his disciplinary case and, therefore, plaintiff's claims are barred until the disciplinary determination has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wells v. Bonner*, 45 F.3d 90, 94 (5th Cir. 1995) (quoting *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994).

Moreover, and in any event, although he has named the TEXAS DEPARTMENT OF CRIMINAL JUSTICE as a defendant, plaintiff has alleged no claim against this defendant. To the extent plaintiff sues this defendant for the acts or omissions of the other defendants, the eligibility of the Texas Department of Criminal Justice for Eleventh Amendment immunity is settled law in this circuit. *Harris v. Angelina County*, 31 F.3d 331, 338 n.7 (5th Cir. 1994); *see, Loya v. Texas Department of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989). Therefore, the Texas Department of Criminal Justice is not a "person" within the meaning of section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). Plaintiff's claim against the Texas Department of Criminal Justice is barred by sovereign immunity and, thus, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above, plaintiff's claims against defendants McCLURE, WILLIAM, FRANKLIN, THOMPSON, and AGUIRRE lack an arguable basis in law and are frivolous until the *Heck* conditions have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Plaintiff's remaining claims against the TEXAS DEPARTMENT OF CRIMINAL JUSTICE fail to state a claim over which this Court has jurisdiction[3].

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title

---

[3]"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

42, United States Code, section 1983, by plaintiff KARL SHACKELFORD, also known as KARL LYNN SHACKELFORD, also known as KARL LYNN McGEE, against defendants McCLURE, WILLIAM, FRANKLIN, THOMPSON, and AGUIRRE BE DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Further, it is the RECOMMENDATION of the Magistrate Judge to the United states District Judge that plaintiff's claims against defendant TEXAS DEPARTMENT OF CRIMINAL JUSTICE be DISMISSED WITHOUT PREJUDICE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1).

The United States District Clerk shall mail a copy of this Report and Recommendation to plaintiff and to any attorney of record by certified mail, return receipt requested.

IT IS SO RECOMMENDED.

ENTERED THIS  19th  DAY OF MAY, 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).